## WINDLE v. FORD MOTOR CO.
### Civil Action No. 563.

District Court, D. Nebraska, Lincoln Division.
July 8, 1946.

1004

Lloyd E. Peterson and Betty Jean Peterson, both of Nebraska City, Neb., and Davis, Stubbs & Healey, of Lincoln, Neb., for plaintiff.

Francis S. Gaines, of Omaha, Neb., for defendant.

DELEHANT, District Judge.

By its order of June 22, 1946, the court announced final ruling upon the defendant's motion to dismiss and motion for more definite statement or bill of particulars; but reserved its ruling upon the motion to strike from paragraph VI of the complaint, the words "and by virtue of the Soldiers and Sailors Civil Relief Act."

The complaint prays for judgment in a large sum of money for damages allegedly sustained by the plaintiff as a result of the defendant's averred failure and refusal to reinstate a local Ford automobile accessories and equipment agency contract surrendered by the plaintiff and mutually cancelled in August, 1942, in anticipation of his military service, but under an alleged agreement by the defendant to restore the relations between him and the defendant upon his return to civilian status. In the cited paragraph of the complaint, otherwise resting entirely upon the alleged agreement and its breach, the plaintiff after alleging that he was entitled to the restoration of his agency "upon the promise of said defendant," adds the presently challenged language, presumably in specification of another foundation of the right he claims. It constitutes the sole reference in the complaint to the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. Appendix, § 501 et seq.

The defendant's motion to strike contends that the phrase at which it is directed is immaterial and redundant and that the Act referred to has no application to the issues tendered in the complaint.

Upon oral argument counsel for the plaintiff stated informally that they regarded Stockton v. Ford Motor Company, D.C. Idaho, 61 F.Supp. 261, as persuasive authority affirming the applicability of the Act in the present case. It is also cited in their typewritten brief submitted to the court. Whether the Stockton opinion has objective merit need not be declared in this ruling. A reader of it can not fail to observe that its writer manifested a patent uncertainty about the validity of his position. But it is simply not in point in the present issue. There, after pledging cooperation to a departing enlistee who retained his local agency contract and endeavored, through hired employees, to continue his business, the defendant thereafter, first, demanded the soldier's surrender of his contract, and secondly, failing to obtain the surrender, served under the contract a formal cancellation notice, and, on the expiration of the time limited therein, cancelled the agency. In the present case, the plaintiff, before entering the military service, formally and finally surrendered his contract, though, as he contends, under a promise by the defendant, later violated, to reinstate it on his return to civilian life.

The court is tentatively of the opinion that nothing either in the underlying contractual relations of the parties to this action, or in the alleged circumstances of the surrender of the plaintiff's agency contract invites or warrants the application of the Soldiers' and Sailors' Civil Relief Act. Frank v. Tru-Vue, Inc., D.C.Ill., 65 F. Supp. 220. The claim of the plaintiff is necessarily bottomed upon the alleged agreement to reinstate and its breach by the defendant. And in this court's estimation, neither the meaning of the agreement nor the significance of its breach is modified by the intervening military service of the plaintiff. That is merely an interlude whose imminence and termination are said to have constituted, the former the occasion of the agreement, the latter the precipitation of its breach. Accordingly, if there were a present and practical necessity for a final announcement upon the point, the motion would be granted and the criticized language stricken.

But the case presents a singularly appropriate impulse to forbearance in the taking of final action upon the court's tentative conclusion. The immateriality or redundancy of the quoted language may be resorted to in ruling upon the issue at the trial, however it may be presented, if at all, equally as well as by its present excision from the complaint. Meanwhile, instructive—and perhaps controlling—decisions upon the matter may be delivered by other courts, even by the Court of Appeals of our own Circuit or by the Supreme Court. For the question in our jurisprudence is novel, current and transitory, and from its very nature, is only now undergoing judicial analysis. Against such a possibility, and in the absence of any practical necessity that the issue which seems primarily, if not wholly, legal, be presently ruled upon with finality, the orderly course appears to be to deny and overrule the motion to strike, without prejudice to such ruling upon the merits of the issue as the court may make during the trial and submission of the action, in the light of the status of the law upon the point as it may then appear. The issues may be formulated and the case brought to trial without the imposition of any substantial burden on the defendant in consequence of the persistence for the present in the complaint of the probably immaterial and redundant language.

An order is being entered accordingly.